## WILLIAM SCOTT v. THE STATE.
### *No. 1053. Decided December 15.*

**Perjury—Evidence—Affidavit.—**On a trial for perjury, where it appeared that the perjury was assigned upon testimony given by defendant on the trial of a party charged with playing "craps," defendant testifying that said party was not engaged in the game, and the prosecution, to sustain the charge of perjury and corroborate the only State's witness, offered in evidence an affidavit made by defendant before the county attorney containing the names of those engaged in said game of "craps," one of which was the name of the party in whose case the perjury was alleged to have been committed, *Held*, that said affidavit was not sufficient to corroborate the only State's witness as to the perjury, in the absence of proof that defendant could and did read said affidavit, or that it was read to him before he signed it.

APPEAL from the District Court of Houston. Tried below before Hon. A. B. WATKINS.

This appeal is from a conviction for perjury, the punishment being assessed at five years' imprisonment in the penitentiary.

The facts are sufficiently stated in the opinion.

*John I. Moore*, for appellant.—In trials for perjury, no person shall be convicted except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other evidence as to the falsity of defendant's statement under oath. Code Crim. Proc., art. 746.

A false statement made through inadvertence or by mistake is not perjury. Penal Code, art. 189.

No briefs for the State.

HURT, PRESIDING JUDGE.—This is a conviction for perjury. One Berry Daniels was tried before the Justice Court for betting at a game of craps. Upon that trial, appellant testified, that Daniels had not bet at said game of craps. Upon this testimony perjury was assigned. The time and place of the game were clearly proved. Upon this trial for perjury, Daniels and several other witnesses, as well as this appellant, swore that Daniels had not played at the alleged game of craps, to wit, that relied upon by the State. Albert Truss testified, that Daniels did so play. It appears from the record that Constable Waller arrested appellant and another at an outhouse where a number of negroes had collected for the purpose of gaming, the remainder of the crowd having escaped. Appellant was carried before the county attorney, and there informed, that if he would give the names of those who were present and engaged in the game he would not be prosecuted. He was cautioned not to name any but those engaged in the game. The county attorney prepared an affidavit which charged Daniels and others with betting at a game of dice known as "craps." This was signed and sworn to by this appellant. This fact of signing and swearing to the affidavit charging Daniels with the offense is the only fact relied on by the State to corroborate the testimony of the witness Truss. No witness swears that appellant could read, or that the affidavit was read to him, or that he himself read it. When the cause was called for trial before the Justice Court, the county attorney consulted with appellant as a witness. Appellant promptly stated that Daniels did not play, and the insertion of his name in the complaint was a mistake, and further stated he was not aware that Daniels' name was incorporated in said complaint. Being satisfied with this explanation, the county attorney dismissed the prosecution as to Daniels. Truss, after his conviction for said offense, made a complaint against Daniels for the same offense; and upon his trial under this latter charge, perjury is alleged to have been committed by appellant. Appellant testified in this cause, and gave an explanation of the whole matter perfectly consistent with his innocence. His explanation was, under the facts, reasonable and natural, and was not questioned by any witness on the trial. He stated that Daniels was present at the time and place of the game. This was true. He was called upon to give the names of all those present and participating in the game. He gave the names of all those present, as well as those participating in said game. The county attorney inserted in the complaint all the names mentioned by appellant. The complaint not being read over to appellant, he swears he did not know Daniels' name was in the complaint. This is reasonable and natural, and such a mistake as is likely to occur. This being the case, we hold Truss was not corroborated, and the conviction is wrong.

Judgment is reversed and cause remanded.

*Reversed and remanded.*

SIMKINS, Judge, absent.