MARTIN GONZALES v. THE STATE.

*No. 1142.   Decided December 21st, 1895.*

1.   **Sentence Nunc Pro Tunc—Entry of—Judge's Memoranda.**

Where the District Attorney made a motion to enter the sentence upon the record nunc pro tunc, and it was objected, that there was no memoranda upon the judge's

minutes, nor in the records showing that sentence had ever before been pronounced. Held: That without such evidences of the fact, the sentence could properly be entered when the judge had the indictment, verdict and judgment all before him; and besides, had personal knowledge that the sentence had been pronounced. There is no reason requiring record evidence to authorize entering the sentence.

2.   Charge of Court—Revisable, Though not Excepted to When..

A charge of court, in a felony case, though not excepted to, is subject to complaint, and will be considered on appeal; if the same is calculated to injure the rights of the accused. But, unless it was calculated to injure the rights of the appellant, it will not afford ground for reversal.

APPEAL from the District Court of Goliad.    Tried below before Hon. S. F. GRIMES.

Appellant was indicted in the District Court of Refugio County, for the murder of Charles Dykes in said county, on the 21st day of August, 1893. At the same term of court, separate indictments were also returned against A. T. Tullis, Tete Coleman and Luciano Castillo, for the same murder. Tullis had been tried and, convicted, and the court being of opinion that the available jury service of the county, which consisted of about 100 jurors, had been exhausted, and that a fair and impartial trial of this defendant could not be had in said Refugio County, changed the venue of the trial to the County of Goliad. At his trial, he was convicted of murder in the first degree, with punishment assessed at imprisonment for life in the penitentiary.

Tete Coleman, who was a negro, living with and working for Dykes at the time of the killing, turned State's evidence, and by his testimony, implicated all of the other parties above named, in the murder. He stated that they had planned the murder; knew that Dykes would return home after dark; went into the pasture and commenced gambling near the gate through which Dykes would have to pass going home, and which was about seventy-five yards from Dykes' house. Dykes soon came, and saying he could beat them all at cards, got down off his horse; and while engaged in the game, Tullis, who had gotten Dykes' axe from the house, struck Dykes two blows with it on the back of the head; and that Castillo afterwards struck him another blow on the neck with the axe. That defendant then took a belt off of Dykes' body, in which he carried his money, and the parties gave him (witness) a five-dollar bill and one dollar in silver; that they then tied a rope around Dykes' feet and dragged him across the road; and afterwards put the rope around his neck and dragged him back across the road, leaving the body in the weeds.

The testimony of the other witnesses, as to the wounds on the body of deceased, and facts discovered by them at the scene of the killing, corroborated the testimony of the witness, Coleman, in his most important statements. It was shown that the deceased had about $40 in a belt, which he was wearing on the day of the killing. This belt was gone when the body was examined, and was never found afterwards. The witness, Coleman, spent $5 at a store the morning after the killing.

The facts pertaining to the entry of the sentence upon the record of the court, nunc pro tunc, are sufficiently stated in the opinion.

*Lane & Hicks*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant in this case was convicted of murder in the first degree, for the killing of one Charles Dykes, and his punishment assessed at confinement in the State penitentiary for life. This case was before us at the last term of court at this place.　28 S. W. Rep., 947.　The appeal was dismissed, because the appellant had not been sentenced.　Upon motion of the District Attorney, after proper notice to appellant and his counsel, the court entered the sentence upon the record.　Appellant objected to this proceeding because there was no memoranda upon the judge's minutes or the records to the effect that a sentence had been pronounced against him.　The learned judge below states that he had personal knowledge of the fact.　The question involved is this:　Can the sentence be entered of record without some written memoranda in the judge's notes or his docket, or some other record of the court, which tend to prove that sentence had been pronounced?　We answer that the tendency of modern authority is to hold that it can.　The indictment, the verdict of the jury, and the judgment were all before the court.　But one sentence could have been pronounced, and that must follow the judgment, and we see no good reason requiring some record evidence to authorize entering the sentence. Where it is proposed to enter a judgment nunc pro tunc, there must be proof that such judgment was theretofore rendered.　This proof may be made as well by parol as by record evidence.　Now, a great many facts were introduced in evidence which were clearly inadmissible.　These facts, however, were elicited by appellant, and there was no objection to the admission of any evidence.　We cannot interfere.　The charge of the court is complained of.　There was no exception made to the charge at the time of its delivery, and none in motion for new trial but what is so general that it cannot be considered.　But, notwithstanding this, if the charge is calculated to injure the rights of the accused, it can be urged for the first time before this court.　The complaint is that the charge permitted the jury to convict appellant, if they believed he was present at the homicide, whether he did anything or not.　When the charge is considered as a whole, and viewed in the light of the testimony, no such impression was likely to be made upon the minds of the jurors.　There were eye-witnesses to the transaction, and they not only show appellant present, but an active participant in the crime which was committed in the perpetration of robbery.　We do not think the error complained of was calculated, under the circumstances of this case, to injuriously affect the rights of appellant.　The evidence is amply sufficient to support the verdict.　The judgment is affirmed.

*Affirmed.*